McCARTHY v. M & M TRANSP. CO.

Civil Action No. 4560.

District Court, D. Massachusetts.

June 12, 1946.

Clarence A. Barnes, Atty. Gen., and Nicholas DeLeo and Joel L. Miller, Asst. Attys. Gen., for plaintiff.

Rome, Weinstein & Wolbarsht and Joseph B. Wolbarsht, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action the plaintiff seeks to compel the corporate defendant to reinstate him in the job which he held prior to being inducted into the military service. The plaintiff applied seasonably for his job, is qualified to perform the duties of a truck driver, and has received a certificate of training and service in the armed forces. The defendant contends that the plaintiff is not entitled to such reinstatement because he had been fired from, and held no job with it, at the time he began his training and service in the armed forces of the United States.

Findings of Fact.

Plaintiff entered the employ of the defendant in January of 1943. On September 3, 1943, pursuant to directions from his draft board, he reported at the induction center in Boston for a physical examination and induction into the service. At the time he left for induction he was in the employ of the defendant, and did not leave its employ at that time. After he had passed his physical examination and been sworn in on September 3, plaintiff elected to enter upon a twenty-one day inactive duty status and to defer his actual entry into the army and army life until September 24. It must be borne in mind that this inactive duty status resulted from the man's choice and was not mandatory. He was at liberty to proceed to a cantonment for service and training on that day, or he was accorded the privilege of a twenty-one day inactive duty status prior to commencing his training and service. Hav-

ing elected to return to his employment during that interim period, he did so subject to the usual risks which attend any employment status. He returned to his job on September 4 and worked the succeeding days until, on September 7 in the afternoon, he was fired by the defendant.

I have refused to hear evidence whether or not the firing was justified, for the reason that plaintiff is adequately protected on this point by a contract between his employer and the union of which he is a member. The point which I must decide in this case is when a veteran's rights vest under the Selective Training and Service Act, 50 U.S.C.A.Appendix § 308.

All legislation with regard to veterans should be read in a light which is favorable to them, but the language of statutes written by Congress should be given its ordinary and usual meaning. Section 308(b) of the Selective Training and Service Act confers the benefits of the Act upon a person who leaves a position to perform training and service. The words "training and service" to my mind connote the result of the transition of a civilian into military life, such as the donning of the uniform, and the taking up of the life of a soldier or sailor with the training and service which we all know goes with that status. I cannot hold that one who reports for induction with the intent of returning home to resume his employment for three more weeks, has left employment to perform training and service within the meaning of the Act.

Conclusions of Law.

From the foregoing I conclude and rule that the plaintiff did not leave a position with the defendant to perform training and service with the armed forces and, hence, is not entitled to the relief sought. I conclude and rule that this plaintiff did not enter the training and service of the United States within the meaning of the Act until September 24, 1943, at which time he had no position with the defendant.