**BLACKFORD v. NASHVILLE GAS & HEATING CO.**
**Civ. A. No. 748.**

District Court, M. D. Tennessee,
Nashville Division.

Oct. 24, 1946.

Horace Frierson, U. S. Atty., of Nashville, Tenn., for plaintiff.

Judson Harwood and Bass, Berry & Sims, all of Nashville, Tenn., for defendant.

DAVIES, District Judge.

This suit was brought by Richard Wilson Blackford against the respondent Nashville Gas & Heating Company for the enforcement of his rights as a veteran under the Act of September 16, 1940, Public Law No. 783, Section 8, 76th Congress, as amended, Title 50 U.S.C.A.Appendix, § 308.

The petitioner Blackford went to work for the respondent in 1930, and continued in its employ until May 21, 1942. His position was not a temporary one. On said date of May 21, 1942, the petitioner occupied the position of record clerk and was earning the sum of $125 per month. After petitioner's return from the service on July 22, 1946, he was again employed by respondent on August 5, 1946, as dispatcher at the rate of pay of $47.80 per week, and it was proven in the case that petitioner would have earned his promotion and this increase of pay had he remained at work for the company from May, 1942, to the date of his return. Immediately upon petitioner's re-employment by the respondent, the Union objected to such promotion and increase in pay upon the ground that petitioner had voluntarily left the service of respondent some months before the petitioner was actually inducted into the service and that therefore petitioner was not entitled to his seniority, promotion, and the increase in his pay. After the protest had been filed by the Union, the respondent company discharged petitioner on August 8, 1946, and shortly thereafter the petitioner filed this suit and prayed that respondent be required to re-employ him as dispatcher and at a salary of $47.80 per week.

It was proven that petitioner had done considerable flying prior to May, 1942, and that on May 8, 1942, and prior to the time petitioner left the employ of the respondent, he, the petitioner, made application to the Civil Aeronautics Administration for a position as instructor of army flying cadets. After this application was filed, an agent of the C. A. A. requested Local Board No. 2 at Nashville to defer petitioner so that he might take further instruction as a flyer, and so that he might qualify himself either as an instructor of flying cadets, or as a pilot in the Army Air Forces. The Court takes judicial knowledge of the fact that the Civil Aeronautics Administration and the Army were collaborating in the matter of training pilots for service in the Armed Forces. Such deferment was granted by the local board, and at about this time the petitioner filed with the board an affidavit that he would take a refresher course in flying and that he would thereafter become an instructor of flying cadets, or would take employment as a transport pilot, or would be inducted into the Army Air Forces as a pilot. The petitioner immediately began his refresher course and continued in this course for two months without pay. On August 15, 1942, petitioner reported to a civil aviation school at Jackson, Tennessee, and was then instructed to take an army refresher course at Jackson, which he did. On September 14, 1942, Army Headquarters at Maxwell Field, Alabama, approved

petitioner as qualified to instruct army flying cadets. On September 15, 1942, petitioner started the work of instructing army flying cadets, and on October 15, 1942, petitioner was enlisted in the Army Air Corps, Enlisted Reserve, in the grade of Private. While in the Enlisted Reserve, petitioner continued to instruct cadets at Jackson, Tennessee, and other places, until January 21, 1945, when petitioner was called to active duty, on which he remained until July 22, 1946, when he was discharged as a Flight Officer.

The respondent insists that petitioner voluntarily left its employ and accepted civilian employment, and as he had never been inducted into the Armed Forces through his local board, Section 8 of Public Law 783, 76th Congress, would therefore not apply. The portions of Section 8 of Public Law 783, 76th Congress, which apply to this case are as follows:

(a) "Any person inducted into the land or naval forces under this Act for training and service * * *

(b) "In the case of any such person who, in order to perform such training and service, has left or leaves a position * * *

B. "If such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

■ I am of the opinion that the petitioner in this case left the employ of respondent in order to prepare himself to perform training and service in the Armed Forces; and I am further of the opinion, and so find, that when the petitioner left the employ of respondent he did so with the intention of entering the Armed Forces and that this was his reason for severing his connection with respondent. I further find that upon leaving respondent's employ the petitioner immediately began training himself either to become an instructor of flying cadets, or to become a pilot in the Army Air Corps. Section 308 of Title 50, U.S.C.A.Appendix, which embraces an Act of Congress passed September 16, 1940, was amended by a Joint Resolution passed August 18, 1941, Public Law No. 213, 77th

Congress, First Session, 50 U.S.C.A.Appendix, § 351 et seq., and Section 7 of said Joint Resolution is as follows: "Any person who, subsequent to May 1, 1940, and prior to the termination of the authority conferred by section 2 of this joint resolution, * * * shall have entered upon active military or naval service in the land or naval forces of the United States shall be entitled to all the reemployment benefits of section 8 of the Selective Training and Service Act of 1940 to the same extent as in the case of persons inducted under said Act: Provided, That the provisions of section 8(b) (A) of said Act shall be applicable to any such person without regard to whether the position which he held shall have been covered into the classified civil service during the period of his military or naval service."

■ This amendment disposes of respondent's contention that the benefits of this Act do not apply to any person serving in the Armed Forces who was not inducted. Hayes v. Boston & Maine R. R., D.C., 66 F.Supp. 371.

■■ The Supreme Court in a recent decision has stated that the Act must be liberally construed to protect the veteran. Fishgold v. Sullivan Drydock & Repair Corp. et al., 66 S.Ct. 1105. And I agree with Judge Ford of the District Court of Massachusetts in his finding in the case of Hayes v. Boston & Maine Railroad, supra [66 F.Supp. 374] that "the re-employment benefits of the Act should be extended to a veteran in a deferred class who resigned his employment in order to become available for induction into the armed forces. To become entitled to the re-employment benefits of the Act, it makes no difference, as I read Section 8(b), whether a person resigned his employment before induction or after induction or did not resign at all if he left his employment for the purpose of performing training and service in the armed forces."

The judgment of the Court is that the respondent shall restore the petitioner to the position he held from August 5, 1946 to August 8, 1946; also it will pay as damages the wages the petitioner would have earned from August 8, 1946, to the date this case was heard, which was October 11, 1946,

at the rate of $47.80 per week, it appearing that petitioner has earned nothing between the above dates.

The attorneys for the parties will compute the damages in accordance with this opinion and will submit such computation to the Court for approval.